1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12   UNITED STATES OF AMERICA,         No. 1:01-cr-05146 WBS

13              Plaintiff,

14        v.                           ORDER

15   JESSE RODRIGUEZ,

16              Defendant.

17

18                              ----oo0oo----

19        Defendant Jesse Rodriguez has filed a motion for

20   compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Docket

21   No. 34.)[1]

22        Defendant was sentenced to 27 years (324 months) after

23   pleading guilty, pursuant to a plea agreement, to ten counts of

24   robbery under 18 U.S.C. § 1951(a) and one count of brandishing a

25   firearm during a crime of violence under 18 U.S.C. § 924(c)(1).

26   Defendant received a statutory maximum sentence of 240 months for

27   _____

28        [1]   The government concedes that defendant exhausted his
     administrative remedies.

                                    1

each of the robbery counts, running concurrently, pursuant to the parties' plea agreement.  Defendant also received a term of 84 months on the § 924(c) firearm count, running consecutively to the terms imposed on the robbery counts.  (Docket Nos. 25, 34-18.)

Pursuant to the plea agreement, the government dismissed nine additional counts under § 924(c).  Under the existing law, had defendant been found guilty of the nine additional § 924(c) counts, he would have received "stacked" mandatory consecutive sentences of 25 years each, as at the time, § 924(c) required consecutive 25-year mandatory minimum sentences for subsequent § 924 convictions, even if the first conviction was obtained in the same case.  See, e.g., United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (citing, inter alia, Deal v. United States, 508 U.S. 129, 132 (1993)).

Under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended § 924(c) to provide that the 25-year mandatory minimum for subsequent § 924(c) convictions applies only when a prior § 924(c) conviction arises from a separate case and already has become final.  However, this change does not apply retroactively to sentences imposed before the First Step Act became law.  McCoy, 981 F.3d at 275. Nevertheless, defendant argues that both he and the government understood that conviction on the additional § 924(c) counts would result in additional consecutive 25-year terms, and it was under that understanding that the parties agreed to the eventual 27-year sentence.  In his view, now that Congress has changed the law to eliminate stacking, it is unjust for him to serve the

2

remainder of his sentence, as he contends that the parties would have agreed to a much shorter sentence, and he would have received a much shorter sentence, under current law.

In order to be eligible for compassionate release, the defendant must demonstrate: (1) the existence of "extraordinary and compelling" reasons, (2) that he is not a danger to the safety of any other person or the community to the community, (3) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)A)(i)-(ii).  The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after fully exhausting administrative remedies for the failure of the Bureau of Prisons to bring a motion on behalf of the defendant, or 30 days after requesting the warden of the facility to bring such a motion.  See First Step Act of 2018, § 603(b).  Importantly, other than authorizing a defendant to file a motion for relief, § 3582(c)(1)(A) remains unchanged after the First Step Act.  See United States v. Nasirun, No. 8:99-CR-367, 2020 WL 686030, at * 2 (M.D. Fla. Feb. 11, 2020.)

The Application Notes of Section 1B1.13 of the Sentencing Guidelines define the "extraordinary and compelling reasons" that make a defendant eligible for compassionate release.  See U.S.S.G. §1B1.13.  The examples of extraordinary and compelling reasons for compassionate release as relevant here are: (1) "a terminal illness", see id. at n.1(A)(i); (2) a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she

is not expected to recover", see id. at n.1(A)(ii); (3) the
defendant is at least 65 years old, experiencing a serious
deterioration in physical or mental health because of the aging
process and "has served at least 10 years or 75 percent of his or
her term of imprisonment, whichever is less", id. at n.(1)(B); or
(4) "[a]s determined by the Director of the Bureau of Prisons
("BOP"), there exists in the defendant's case an extraordinary
and compelling reason other than, or in combination with, the
reasons described in subdivisions (A) through (C)". Id. at
n.(1)(D).

Some courts have found that the First Step gives courts
discretion to consider virtually any reason as a basis for
compassionate release. See, e.g., United States v. Brooker, 976
F.3d 228, 230 (2nd Cir. 2020); McCoy, 981 F.3d at 280-84.
However, given the language of 18 U.S.C. § 3582(c)(1)(A), which
requires that a defendant demonstrate, among other things, that a
reduction in sentence is consistent with applicable policy
statements issued by the Sentencing Commission, and the lack of
any Ninth Circuit authority to the contrary, this court will
continue to assess whether a sentence reduction is consistent
with the applicable policy statements issued by the Sentencing
Commission. See 18 U.S.C. § 3582(c)(1)(A); accord United States
v. Dvorak, 830 F. App'x 846, 847 (9th Cir. 2020) (citing U.S.S.G.
§ 1B1.13(1)(A) and affirming district court's denial of motion
for compassionate release based on determination that the
defendant had not demonstrated extraordinary and compelling
reasons).

Non-retroactive changes in the law affecting sentencing

4

are not one of the bases for compassionate release listed by the Sentencing Commission or by the Bureau of Prisons. Nor are they even remotely similar to any of the bases listed. Accordingly, the court concludes that Congress' elimination of stacking does not constitute an extraordinary and compelling basis for compassionate release in this case. See United States v. Andrews, Case No. 3:93-cr-00075-HDM, 2020 WL 7714708, at *3 (D. Nev. Dec. 29, 2020). But see, e.g., McCoy, 981 F.3d at 284-88.

Even assuming the court may consider extraordinary and compelling circumstances beyond those contemplated by the Sentencing Commission's policy statements, the elimination of stacking would not warrant compassionate release in this case because, as a result of the dismissal of nine of the ten § 924(c) counts, defendant did not in fact receive a "stacked" sentence. While stacking was undoubtedly a factor in the plea negotiations, the court is unwilling to speculate that without the possibility of stacking, defendant would have received a shorter sentence. Any number of factors likely influenced both sides' negotiations and the final plea agreement and the court's sentencing determination. For example, had § 924(c) not required stacking of terms for the additional counts, the government may have not agreed to dismiss those counts, and defendant could well have received a sentence in excess of the 27-year sentence he actually received.

The court further finds that defendant's health condition, including his back issues and prior bouts with Valley Fever and COVID-19, along with the continued pandemic, do not warrant compassionate release. Defendant is relatively young,

1  and it appears that the Bureau of Prisons has been able to

2  sufficiently treat defendant's medical conditions, including his

3  diagnosis of COVID-19.  Moreover, the defendant has made no

4  showing that he would receive any better care outside of the

5  Bureau of Prisons or that he would be better able to get a COVID-

6  19 vaccination outside of federal custody than he would be in

7  custody.  Overall, defendant has not shown that his medical

8  conditions along with the COVID-19 pandemic qualify as

9  extraordinary and compelling reasons for release under 18 U.S.C.

10  § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.[2]

11        IT IS THEREFORE ORDERED that defendant's motion for

12  compassionate release (Docket No. 34), be, and the same hereby

13  is, DENIED.

14  Dated:  February 18, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24        [2]   The court notes defendant's contention that several
other factors warrant a lower sentence, including his age and
25  drug addiction at the time of the offenses, cooperation,
relatively minor prior criminal history, and efforts at
26  rehabilitation in prison, but finds that these factors do not
constitute extraordinary and compelling reasons for compassionate
27  release even in combination with the change in the law regarding
stacking, and even in combination with defendant's health and the
28  coronavirus pandemic.

6